**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **THOMAS J. THOMAS,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | |
| | **Case No. 2:12-cv-1215-DB-PMW** |
| **MITSUBISHI MOTORS CORPORATION; MITSUBISHI MOTORS NORTH AMERICA, INC.; and MITSUBISHI MOTOR SALES OF AMERICA, INC.,** | |
| | **District Judge Dee Benson** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are (1) Thomas J. Thomas's ("Plaintiff") motion to compel;[2] (2) Plaintiff's motion to extend deadlines for taking fact depositions and supplementing liability expert reports;[3] and (3) Mitsubishi Motors Corporation ("MMC") and Mitsubishi Motors North America, Inc.'s (collectively, "Defendants") motion to compel third-party compliance with a subpoena *duces tecum*.[4]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the

---

[1] *See* docket no. 33.

[2] *See* docket no. 26.

[3] *See* docket no. 38.

[4] *See* docket no. 42.

United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).  The court will address the motions in turn.

### I. Plaintiff's Motion to Compel

### A. Legal Standards

"The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion."  *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).  The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The Advisory Committee Notes for the 2000 Amendments to rule 26 direct parties and courts to "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery.  Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1).  With respect to limiting discovery, rule 26(b)(2)(C)(iii) provides that

> [o]n motion or on its own, the court must limit the frequency or
> extent of discovery otherwise allowed by these rules or by local
> rule if it determines that . . . the burden or expense of the proposed
> discovery outweighs its likely benefit, considering the needs of the
> case, the amount in controversy, the parties' resources, the

> importance of the issues at stake in the action, and the importance
> of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(iii).

In *In re Cooper Tire & Rubber Company*, 568 F.3d 1180 (10th Cir. 2009), the Tenth

Circuit clarified that the 2000 Amendments to rule 26 "implemented a two-tiered discovery

process; the first tier being attorney-managed discovery of information relevant to any claim or

defense of a party, and the second being court-managed discovery that can include information

relevant to the subject matter of the action." *Id*. at 1188. The Tenth Circuit further stated that

> when a party objects that discovery goes beyond that relevant to
> the claims or defenses, "the court would become involved to
> determine whether the discovery is relevant to the claims or
> defenses and, if not, whether good cause exists for authorizing it so
> long as it is relevant to the subject matter of the action." This
> good-cause standard is intended to be flexible. When the district
> court does intervene in discovery, it has discretion in determining
> what the scope of discovery should be. "[T]he actual scope of
> discovery should be determined according to the reasonable needs
> of the action. The court may permit broader discovery in a
> particular case depending on the circumstances of the case, the
> nature of the claims and defenses, and the scope of the discovery
> requested."

*Id*. at 1188-89 (quoting Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments,

Subdivision (b)(1)) (citations and footnote omitted) (alteration in original).

**B. Nature of Plaintiff's Claims**

In many of the discovery requests that are at issue in Plaintiff's motion, he requests

information about not just the vehicle involved in the incident underlying this case, the

Mitsubishi Lancer ("Lancer"), but about all vehicles produced by MMC. Many of the discovery

requests at issue also seek information not just about the front passenger seat (where Plaintiff

was seated at the time of the incident underlying this case), but about all other seats in MMC's

vehicles.  Finally, many of the discovery requests at issue seek information not just about the front passenger seat restraint system, but about other restraint systems.

In order to determine whether the discovery requests at issue seek relevant information, the court first looks to Plaintiff's amended complaint[5] to determine the nature of his claims.  *See, e.g.*, Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendment, Subdivision (b)(1) (directing the parties and the court "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery).  After reviewing Plaintiff's amended complaint, the court has determined that its allegations focus almost exclusively on the Lancer, not on other vehicles produced by MMC.  The court has also determined that those allegations focus almost exclusively on the front passenger seat and restraint system, not on other seats or restraint systems.  As such, the court concludes that any information or documents sought by Plaintiff with respect to vehicles other than the Lancer, seats other than the Lancer front passenger seat, or restraint systems other that the Lancer front passenger seat restraint system are not relevant to his claims in this case.  At the same time, the court concludes that any information or documents sought by Plaintiff with respect to the Lancer, the Lancer front passenger seat, and the Lancer front passenger restraint system are relevant to his claims and, therefore, are discoverable.

The court next turns to whether Plaintiff has demonstrated good cause to support expanding the scope of discovery to include not just information that is relevant to his claims, but also information that is relevant to the subject matter of this case.  Plaintiff presents no

_____

[5] *See* docket no. 19.

arguments on this point.  As such, the court concludes that Plaintiff has not demonstrated such good cause.

     With those conclusions in mind, the court now turns to addressing the discovery requests at issue in Plaintiff's motion.

### C.  Discovery Requests at Issue

     In his motion, Plaintiff seeks compelled responses from MMC to the following portions of his First Set of Written Discovery:  Interrogatories No. 1-8, 11, and 14; and Requests for Production No. 3-13, 15, and 18-21.  However, Plaintiff's motion fails to provide any argument for Interrogatories No. 3 and 8, or for Requests for Production No. 19 and 20.  Without argument, the court will not reach those discovery requests and they will not be discussed here. Accordingly, the court will address Interrogatories No. 1-2, 4-7, 11, and 14; and Requests for Production No. 3-13, 15, 18, and 21.

### 1.  Interrogatories No. 1-2, 4, and 7
### and
### Requests for Production No. 3-6, 8-11, 13, 18, and 21

     Consistent with the court's conclusions above, any information or documents sought by these discovery requests concerning vehicles other than the Lancer, seats other than the Lancer front passenger seat, or restraint systems other than the Lancer front passenger seat restraint system are not discoverable.  However, any information or documents sought by Plaintiff with respect to the Lancer, the Lancer front passenger seat, and the Lancer front passenger restraint system are relevant to his claims and, therefore, are discoverable.

     With respect to the time frame of these discovery requests, the court notes that some of them have time restrictions, while others do not.  The court is unwilling to require MMC to

respond to discovery requests that are unlimited in time frame.  Further, the court concludes that the time frames, where identified, are too large.  The court has determined that, given Plaintiff's claims and the circumstances of this case, the burden imposed upon MMC by requiring them to provide discovery for such large or unlimited time frames outweighs its likely benefit in this case.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).  Instead, the court will limit these discovery requests to a time frame of 5 years preceding the date of the incident underlying this case.

This portion of Plaintiff's motion is granted in part and denied in part.  Within 30 days of the date of this order, MMC shall provide full responses to these discovery requests, but shall limit said responses to the Lancer, the Lancer front passenger seat, the Lancer front passenger seat restraint system, and a time frame of 5 years preceding the incident underlying this case.  For any information that MMC claims is privileged, it shall provide a sufficient privilege log to Plaintiff for such information.  If MMC does not have responsive information, it shall provide an affidavit to Plaintiff to that effect.

### 2.  Interrogatory No. 5

Interrogatory No. 5 provides:  "Identify each interlock system on the subject vehicle."[6] MMC objected to this request, arguing that the phrase "interlock system" is vague, ambiguous, overly broad, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  MMC also argues that this request is not limited to the components or issues in this case.  Subject to those objections, MMC referred Plaintiff to the owner's manual for the Lancer.

---

[6] Docket no. 26, Exhibit B at 6.

The court disagrees with MMC's objections concerning the phrase "interlock system." The court is not persuaded that said phrase is sufficiently vague, ambiguous, or overly broad as to prevent MMC from providing a meaningful response to this request.

This portion of Plaintiff's motion is granted in part and denied in part. Within 30 days of the date of this order, MMC shall provide a full response to Interrogatory No. 5, but shall limit said response to the Lancer. For any information that MMC claims is privileged, it shall provide a sufficient privilege log to Plaintiff for such information. If MMC does not have responsive information other than the Lancer owner's manual, it shall provide an affidavit to Plaintiff to that effect.

### 3.  Interrogatory No. 6 and Requests for Production No. 7, 12, and 15

Interrogatory No. 6 provides:

> Has [MMC] ever had a claim or lawsuit filed against it in the last 20 years where the following was alleged:
>> a.  a restrained occupant was ejected from the vehicle during a rollover event because the person had their seat reclined;
>> b.  a restrained occupant was ejected from their seat but not the vehicle because the person had their seat reclined; and/or
>> c.  a restrained occupant submarined down into the floorboard area because the person had their seat reclined.[7]

Request for Production No. 15 seeks documents for all claims and lawsuits identified in Interrogatory No. 6.[8]

---

[7] *Id*. at 7.

[8] *See id*. at 12.

Request for Production No. 7 provides:

> Produce all claims or lawsuits against [MMC] where the following
> allegations were made:
>  a.  a seat was defective, unsafe, or unreasonably dangerous
>      because it could be reclined while the vehicle was
>      moving;
>  b.  [MMC] was negligent for using a seat that could recline
>      while the vehicle was moving; and/or
>  c.  [MMC] was negligent for not conducting adequate
>      testing to evaluate seats that could recline.[9]

Request for Production No. 12 provides:  "Furnish all depositions of any past or present

employee who have been deposed in the last 20 years in cases where the seat was reclined

rearward while the vehicle was moving."[10]

Because these discovery requests seek information about any legal claims and lawsuits

involving MMC and the allegations identified in the requests, the court must determine whether

the incidents involved in those other legal claims and lawsuits could be or are substantially

similar to the incident involved in this case.  *See, e.g.*, *Four Corners Helicopters, Inc. v.

Turbomeca, S.A.*, 979 F.2d 1434, 1440 (10th Cir. 1992); *Wheeler v. John Deere Co.*, 862 F.2d

1404, 1407 (10th Cir. 1988).

> Substantial similarity depends upon the underlying theory of the
> case.  Evidence proffered to illustrate the existence of a dangerous
> condition necessitates a high degree of similarity because it weighs
> directly on the ultimate issue to be decided by the jury.  The
> requirement of substantial similarity is relaxed, however, when the
> evidence of other incidents is used to demonstrate notice or
> awareness of a potential defect.  Any differences in the accidents

---

[9] *Id.* at 10-11.

[10] *Id.* at 11.

> not affecting a finding of substantial similarity go to the weight of
> the evidence.

*Four Corners Helicopters, Inc.*, 979 F.2d at 1440 (quotations and citations omitted); *see also In*

*re Cooper Tire & Rubber Company*, 568 F.3d at 1191.

The court has already determined that Plaintiff's amended complaint focuses almost

exclusively on the Lancer, not on other vehicles produced by MMC.  The court has also already

determined that the amended complaint focuses almost exclusively on the front passenger seat

and restraint system, not on other seats or restraint systems.  Consistent with those

determinations, the court concludes that Plaintiff's underlying theory of the case is narrowly

focused on the Lancer, the Lancer the front passenger seat, and the Lancer front passenger seat

restraint system.  Accordingly, the court concludes that only other incidents involving that focus

could be or are substantially similar to the incident underlying this case.  Given that conclusion,

it follows that the court will allow Plaintiff to obtain discovery related only to other legal claims

and lawsuits against MMC involving the Lancer, the Lancer the front passenger seat, and the

Lancer front passenger seat restraint system.

This portion of Plaintiff's motion is granted in part and denied in part.  Within 30 days of

the date of this order, MMC shall provide full responses to Interrogatory No. 6 and Requests for

Production No. 7, 12, and 15, but shall limit said responses to the Lancer, the Lancer front

passenger seat, and the Lancer front passenger seat restraint system.  For any information that

MMC claims is privileged, it shall provide a sufficient privilege log to Plaintiff for such

information.  If MMC does not have responsive information, it shall provide an affidavit to

Plaintiff to that effect.

### 4. Interrogatories No. 11 and 14

Interrogatory No. 11 provides:  "Identify all persons, including address and job title, who participated in responding to these interrogatories and/or requests for production of documents."[11]  In response, and subject to general objections, MMC stated that its responses were prepared under the direction of its Quality Affairs Office based on information gathered from various sources and were verified by a representative of MMC.  MMC further indicated that its responses are corporate responses and, therefore, are not based upon the personal knowledge of a particular person.  Finally, MMC noted that its counsel assisted with the preparation of its responses.

Interrogatory No. 14 provides:  "Identify your employee(s) and/or officer(s) who is the most knowledgeable about the design, development, and/or testing of the front passenger seat and its restrain system in the subject vehicle."[12]  In response, and subject to general objections, MMC stated that, in response to an appropriate and properly served deposition notice, it would produce persons knowledgeable about the design, development, and testing of the front passenger seat and front passenger restraint system in the Lancer.

In its response to Plaintiff's motion, MMC argues that Plaintiff is attempting to learn individual's identities through these discovery requests so that he can depose them by name, thereby circumventing MMC's right to designate witnesses to respond to specific topics.  The court agrees and concludes that MMC's response to these requests are adequate.  Accordingly, this portion of Plaintiff's motion is denied.

---

[11] *Id*. at 8.

[12] *Id*.

## II.  Plaintiff's Motion to Extend Deadlines

In this motion, Plaintiff seeks to extend the deadlines for taking fact depositions and supplementing his liability expert reports.  Plaintiff argues that he needed a ruling on his motion to compel before he could take fact depositions and adequately prepare his liability expert reports.

The court may extend deadlines in a case for good cause.  *See* Fed. R. Civ. P. 6(b), 16(b)(4).  In this case, the court concludes that Plaintiff has established good cause for his requested extension.  Most notably and correctly, Plaintiff points to the court's delay in rendering a ruling on his motion to compel.  The court agrees that receiving that ruling is a prerequisite to him conducting meaningful depositions and adequately preparing liability expert reports.  For that reason, Plaintiff's motion is granted.  After MMC provides all discovery to Plaintiff required by this order, Plaintiff shall have 30 days to conduct fact depositions and supplement his liability expert reports.

## III.  Defendants' Motion to Compel

In this motion, Defendants seek to compel Utah Valley University Student Health Services; John Catlett, LPC; and Kersten Haugse White, PhD (collectively, "Health Care Providers") to comply with and respond to a properly served subpoena *duces tecum* ("Subpoena").

On March 5, 2013, Defendants served notice of the Subpoena to Plaintiff's counsel, thereby notifying him that Defendants intended to serve the Health Care Providers with the Subpoena.  Plaintiff's counsel did not object to the Subpoena and, therefore, Defendants served the Subpoena along with a HIPAA-compliant Authorization for Release of Protected Health

11

Information for the disclosure of Plaintiff's medical and psychotherapy notes,

neuropsychological testing, and supporting test data.  According to Defendants, the Health Care

Providers have refused to produce all their records.  Instead, the Health Care Providers simply

provided a summary of Plaintiff's visits.[13]

      Defendants argue that the Health Care Providers should be compelled to comply with and

respond to the Subpoena.  The court agrees.

      Pursuant to rule 45(d)(2)(B) of the Federal Rules of Civil Procedure,

> [a] person commanded to produce documents or tangible things or
> to permit inspection may serve on the party or attorney designated
> in the subpoena a written objection to inspecting, copying, testing,
> or sampling any or all of the materials or to inspecting the
> premises--or to producing electronically stored information in the
> form or forms requested.  The objection must be served before the
> earlier of the time specified for compliance or 14 days after the
> subpoena is served.

Fed. R. Civ. P. 45(d)(2)(B).  In addition, rule 45(d)(3) allows a party upon whom or which a

subpoena has been served to file a motion to quash or modify the subpoena.  *See* Fed. R. Civ. P.

45(d)(3).  Finally, rule 45(g) allows the court to "hold in contempt a person who, having been

served, fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R.

Civ. P. 45(g).

      In this case, there is no indication in Defendants' motion that the Health Care Providers

lodged any formal objections to the Subpoena.  Further, the Health Care Providers have not filed

any motion to quash the Subpoena.  Accordingly, the Health Care Providers are hereby ordered

to comply with the Subpoena or file a motion to quash the Subpoena within 30 days of the date

---

[13] *See* docket no. 42, Exhibit C.

of this order.  Failure to do so may result in the court holding the Health Care Providers in contempt under rule 45(g).  Defendants shall be responsible for providing notice of this order to the Health Care Providers.

In addition to requesting an order requiring the Health Care Providers to comply with the Subpoena,  Defendants move the court to immediately hold the Health Care Providers in contempt under rule 45(g).  The court is unwilling to do so.  The court will address the issue of contempt if and when the Health Care Providers fail to abide by this order.

Defendants also move the court for an award of the reasonable expenses, including attorney fees, incurred in bringing their motion to compel.  *See* Fed. R. Civ. P. 37(a)(5)(A).  The court is not persuaded that such an award is appropriate or justified under the circumstances.  *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).  Accordingly, that portion of Defendants' motion is denied.

Based the foregoing, Defendants' motion to compel is granted in part and denied in part.

* * * * *

In summary, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to compel[14] is **GRANTED IN PART AND DENIED IN PART**, as indicated above.

2. Plaintiff's motion to extend deadlines for taking fact depositions and supplementing liability expert reports[15] is **GRANTED**, as indicated above.

---

[14] *See* docket no. 26.

[15] *See* docket no. 38.

3.     Defendants' motion to compel third-party compliance with a subpoena *duces tecum*[16] is **GRANTED IN PART AND DENIED IN PART**, as indicated above.

**IT IS SO ORDERED**.

DATED this 24th day of January, 2014.

BY THE COURT:

_____

PAUL M. WARNER
United States Magistrate Judge

_____

[16] *See* docket no. 42.