IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **THOMAS J. THOMAS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MITSUBISHI MOTORS CORPORATION; MITSUBISHI MOTORS NORTH AMERICA, INC.; and MITSUBISHI MOTOR SALES OF AMERICA, INC.,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:12-cv-1215-DB-PMW**<br><br><br>**District Judge Dee Benson**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Mitsubishi Motors Corporation and Mitsubishi Motors North America, Inc.'s (collectively, "Defendants") motion to compel the deposition of Dr. Samuel Goldstein ("Dr. Goldstein").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 33.

[2] *See* docket no. 54.

## RELEVANT BACKGROUND

On October 31, 2013, Thomas J. Thomas ("Plaintiff") designated Dr. Goldstein, a neuropsychologist, as a testifying expert in this case. On the same date, Plaintiff designated Dr. Erin David Bigler ("Dr. Bigler"), also a neuropsychologist, as a testifying expert.

Subsequent to Plaintiff's designation of Dr. Goldstein, Defendants and Plaintiff had communication about the deposition of Dr. Goldstein. At some point, Plaintiff indicated that he would no longer be calling Dr. Goldstein as a testifying expert and, consequently, would not be producing him for a deposition. Defendants responded by asserting that they were entitled to depose Dr. Goldstein because he had been designated originally as a testifying expert and because other experts had relied upon his expert report. Plaintiff and Defendants were unable to agree on whether Dr. Goldstein should be produced for a deposition, which led to the filing of the motion before the court.

## ANALYSIS

As an initial matter, the court notes that "[t]he district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

In their motion, Defendants seek an order compelling Plaintiff to produce Dr. Goldstein for a deposition. Pursuant to rule 26(b)(4)(A) of the Federal Rules of Civil Procedure, "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). However, rule 26(b)(4)(D)(ii) provides:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been

>
> retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> . . . .
>
> (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(D)(ii).

Relying upon a decision from this court, *Brigham Young University v. Pfizer, Inc.*, No. 2:12-mc-143-TS-BCW, 2012 U.S. Dist. LEXIS 42051 (D. Utah Mar. 26, 2012) ("*Pfizer*"), Defendants argue that Dr. Goldstein should be produced for a deposition, even though Plaintiff has indicated that he will not be calling Dr. Goldstein as a testifying expert. In *Pfizer*, Brigham Young University ("BYU") originally designated a particular expert as a testifying expert, but later withdrew that designation and sought to transform the expert into a consulting expert under rule 26(b)(4)(D), notwithstanding the fact that the deadline for designating experts had passed. *See id*. at *14. When Pfizer, Inc. ("Pfizer") issued a subpoena for that expert to testify at a deposition, BYU moved to quash the subpoena. *See id*. at *1-2.

The *Pfizer* court concluded that BYU's designation of the expert "as a testifying expert— when that designation was withdrawn at such a late time in the case and after expert reports were issued— remove[d] the question of whether that expert should be able to be deposed and used at trial from the exceptional circumstances requirement found in Rule 26(b)(4)(B)." *Id*. at *16. Instead, the court looked "to the balancing test of probative value versus prejudice articulated in" rule 403 of the Federal Rules of Evidence. *Id*.; *see* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of

the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). After applying that test, the court denied BYU's motion to quash. *See id*. at *16-17.

In applying the balancing test, the *Pfizer* court relied upon the fact that the expert's report had been relied upon by experts for both BYU and Pfizer. *See id*. at *5, 14. The *Pfizer* court was "persuaded that once a party designates an expert, the party will have to live with the consequence that the opposing party will likely be given the opportunity to depose the expert or even to call the expert at trial on their own behalf." *Id*. at *14-15 (quotations and citation omitted). The court also noted that it was "especially compelling" that "the expert ha[d] issued reports [and] those reports ha[d] been relied upon by the opposing party, and then that expert's designation [was] changed after the deadline to disclose experts ha[d] passed." *Id*. at *15. The court went on to note that BYU's suggested use of rule 26(b)(4)(D) would transform it from a shield "into a sword—allowing a party to designate an expert as testifying and then after obtaining an unfavorable opinion, simply reclassifying that expert as non-testifying to the detriment of the opposing side to avoid any negative consequences." *Id*. The court also noted that BYU's suggested use of rule 26(b)(4)(D) "potentially undermine[d] the [c]ourt's interest in the proper resolution of issues." *Id*. at *15-16.

Defendants argue that this case is factually similar to *Pfizer*. The court agrees. The court's recitation of the relevant background of this case and the relevant background of *Pfizer* demonstrates a striking similarity between the relevant facts of the two cases.

Based on that similarity, Defendants contend that the reasoning and ruling of *Pfizer* applies in this case and, accordingly, that they should be allowed to depose Dr. Goldstein.  Again, the court agrees.

Defendants first note that, as in *Pfizer*, other experts in this case have relied upon Dr. Goldstein's report.  Plaintiff does not dispute that other experts have relied upon Dr. Goldstein's report.  However, Plaintiff asserts that, unlike the facts of *Pfizer*, Defendants' experts have not relied upon Dr. Goldstein's report; instead, only Plaintiff's experts have relied upon his report.  As such, Plaintiff argues that Defendants have not shown that they will be prejudiced if they are not allowed to depose Dr. Goldstein.  The court concludes that Plaintiff's argument is without merit.  The *Pfizer* court clearly relied upon the fact that the expert report in question had been relied upon by both BYU's and Pfizer's experts.  *See id*. at *5, 14.  Accordingly, the court concludes that the distinction noted by Plaintiff does not compel the conclusion that *Pfizer* does not apply in this case.  Furthermore, as noted by Defendants, the issue is not whether Defendants' experts have relied upon Dr. Goldstein's report.  Instead, the issue is whether any expert has relied upon his report because that presents a situation where Dr. Goldstein's opinions may be presented at trial.  If those opinions are presented, the court has determined that Defendants would be prejudiced if they are not allowed to depose Dr. Goldstein.

Plaintiff presents two other arguments in opposition to Defendants' motion.  First, Plaintiff argues that any prejudice to Defendants in not being able to depose Dr. Goldstein is minimized because Plaintiff has designated Dr. Bigler as a testifying expert, and Dr. Bigler has similar credentials to Dr. Goldstein.  Plaintiff notes that Defendants have already deposed Dr. Bigler.  Second, Plaintiff argues that he will be prejudiced if Defendants are allowed to depose

5

Dr. Goldstein because it will "unnecessarily increase [Plaintiff's] costs" in this case.[3] Plaintiff maintains that he "should not have to undergo the expense of compensating an expert for both preparation and deposition time in order for Defendants to have an opportunity to depose a non-testifying expert whose testimony Defendants would oppose as duplicative in order to seek exclusion from trial."[4] Accordingly, Plaintiff contends that, if this court allows Dr. Goldstein to be deposed, it should require Defendants to pay for all of Plaintiff's costs associated with the deposition.

The court is not persuaded by any of those arguments. The court reminds Plaintiff that it was his choice to designate two testifying experts with similar credentials to presumably testify about similar subject matter. Once he designated Dr. Goldstein as a testifying expert, Plaintiff had to live with certain consequences. First, he must "live with the consequence that the opposing party will likely be given the opportunity to depose the expert or even to call the expert at trial on their own behalf." Id. at *15 (quotations and citation omitted). Second, Plaintiff must bear the consequence of the potential costs associated with Dr. Goldstein's deposition. As such, the court will not, as requested by Plaintiff, require Defendants to pay for the costs associated with Dr. Goldstein's deposition. Finally, Plaintiff must live with the natural consequence of designating two experts to testify about the same subject matter; namely, that Defendants would likely attempt to exclude one of the expert's testimony as being duplicative.

Like the *Pfizer* court, this court will not allow Plaintiff's attempt to transform Dr. Goldstein into a consulting expert under rule 26(b)(4)(D) to prevent Defendants from deposing

---

[3] Docket no. 60 at 7.

[4] *Id*. at 6.

him. As noted by the *Pfizer* court, establishing such a precedent would transform rule 26(b)(4)(D) from a shield "into a sword—allowing a party to designate an expert as testifying and then after obtaining an unfavorable opinion, simply reclassifying that expert as non-testifying to the detriment of the opposing side to avoid any negative consequences." *Id*. Like the *Pfizer* court, this court concludes that Plaintiff's tactic also "potentially undermines the [c]ourt's interest in the proper resolution of issues." *Id*. at *15-16.

Based on the foregoing, Defendants' motion to compel the deposition of Dr. Goldstein is granted. Plaintiff shall produce Dr. Goldstein for a deposition within thirty (30) days of the date of this order.

As a final matter, the court addresses Defendants request for an award of reasonable expenses, including attorney fees, incurred in connection with their motion. In relevant part, rule 37 of the Federal Rules of Civil Procedure provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). In this case, the court cannot say that Plaintiff's position, although ultimately unsuccessful, was not substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). Furthermore, the court does not believe that an award of reasonable expenses is appropriate under all the circumstances. *See* Fed. R. Civ. P.

37(a)(5)(A)(iii). Accordingly, Defendants' request for an award of reasonable expenses is denied.

## CONCLUSION AND ORDER

In summary, **IT IS HEREBY ORDERED**:

1. Defendants' motion to compel the deposition of Dr. Goldstein[5] is **GRANTED**.

2. Plaintiff shall produce Dr. Goldstein for a deposition within thirty (30) days of the date of this order.

3. Defendants' request for an award of reasonable expenses is **DENIED**.

**IT IS SO ORDERED**.

DATED this 13th day of March, 2014.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 54.