# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **THOMAS J. THOMAS,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | |
| **MITSUBISHI MOTORS CORPORATION; MITSUBISHI MOTORS NORTH AMERICA, INC; and MITSUBISHI MOTOR SALES OF AMERICA, INC;** | **Case No. 2:12cv1215** |
| | **District Judge Dee Benson** |
| Defendants. | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Thomas J. Thomas's ("Plaintiff") motion for a protective order.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 33.

[2] *See* docket no. 84.

Plaintiff moves this court for a protective order staying the depositions of his damages experts until Judge Benson has ruled on Mitsubishi Motors Corporation; Mitsubishi Motors North America, Inc.; and Mitsubishi Motor Sales of America, Inc.'s (collectively, "Defendants") pending motion to bifurcate the trial into two phases: liability and damages.[3]  Defendants suggest that the same jury could be impaneled for both phases.  Plaintiff indicates that he intends to partially oppose Defendants' motion to bifurcate on the basis that the interests of judicial economy would be best served if the trial on damages is scheduled several months after the liability trial.  Plaintiff argues that this proposed schedule would allow the parties to conduct expert discovery on damages only if necessary.  Plaintiff contends that allowing the depositions of his damage experts to go forward would needlessly subject him to the undue burden and expense of taking potentially irrelevant depositions should the jury find in favor of Defendants.

In response, Defendants argue that Plaintiff has failed to demonstrate good cause for a protective order.  This court agrees.  Under rule 26 of the Federal Rules of Civil Procedure, "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial."  Fed. R. Civ. P. 26(b)(4)(A).  However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  "[T]he party seeking the protective order must show good cause by demonstrating a particular need for protection.  Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Grundberg v. Upjohn Co.*, 137 F.R.D. 372, 389 (D. Utah June 14, 1991) (quotations and citation omitted).

---

[3] *See* docket no. 76.

Plaintiff purports to have demonstrated good cause by alleging that he would suffer undue burden and/or expense if required to move forward on the depositions of his damage experts prior to a ruling on Defendant's motion to bifurcate. The court is not persuaded by this argument. It is speculative at best that Judge Benson would separate the liability and damages phases of the trial by several months. Plaintiff's proposal would not promote the prompt resolution of the case, nor would it satisfy judicial economy considerations. In the event that Defendants are found liable, Plaintiff's proposed bifurcation schedule would result in increased cost, inconvenience, and delay by requiring the court to impanel a second jury months after the liability trial.

Based on the foregoing, this court concludes that Plaintiff has not demonstrated good cause for postponing the depositions of the parties' respective damage experts.[4] As such, Plaintiff's motion for a protective order is **DENIED**, and the order staying the depositions[5] is hereby vacated. The depositions shall proceed as scheduled.

**IT IS SO ORDERED.**

DATED this 24th day of April, 2014.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[4] The court notes that, as stated by Defendants, Plaintiff seeks to postpone the depositions of his expert witnesses only; he does not move to postpone the depositions of both parties' damage experts.

[5] *See* docket no. 88.